# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2045

_____

| | | |
|---|---|---|
| Joseph Wangondu Ndirangu, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the |
| | * | Board of Immigration Appeals. |
| Eric H. Holder, Jr., Attorney General | * | |
| of the United States, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: January 19, 2012
Filed: January 25, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kenyan citizen Joseph Wangondu Ndirangu petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We conclude that substantial evidence supports the BIA's denial of asylum and related relief. See Khrystotodorov v. Mukasey, 551 F.3d 775, 781 (8th Cir. 2008) (denial of asylum is reviewed for substantial evidence); Karim v. Holder, 596 F.3d 893, 897 (8th Cir. 2010) (asylum applicant who has not established past persecution must prove well-founded fear of future persecution on account of protected ground; fear must be both subjectively genuine and objectively reasonable);

Gitimu v. Holder, 581 F.3d 769, 774 (8th Cir. 2009) (when alien fails to establish eligibility for asylum, he necessarily cannot meet more rigorous standards of proof for withholding of removal and CAT relief). As to the remaining issues raised by Ndirangu, we conclude that nothing in the record suggests his due process rights have been violated, see Flores v. Ashcroft, 354 F.3d 727, 729-30 (8th Cir. 2003) (de novo review of constitutional challenges); Kipkemboi v. Holder, 587 F.3d 885, 890 (8th Cir. 2009) (to succeed on due process claim, petitioner must show, inter alia, that outcome of proceeding may well have been different had there not been any procedural irregularities), and that it is unnecessary to review the IJ's determination regarding the timeliness of his asylum application, which was not relied upon by the BIA, see Uanreroro v. Gonzales, 443 F.3d 1197, 1204 (10th Cir. 2006) (court will not affirm on grounds raised in IJ's decision unless they are relied upon by BIA in its affirmance).

Accordingly, we deny the petition. See 8th Cir. R. 47B.

_____